IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:22-CR-96-TAV-JEM |
| BRIAN D. ROGERS and MALIK M. SCOTT-BOYNTON, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Motion to Adjourn Final Pre-Trial, Plea Deadline and Trial filed by Defendant Malik Scott-Boynton on April 20, 2023 [Doc. 64], and the Notice of Joinder filed by Defendant Brian Rogers [Doc. 65].

In his motion [Doc. 64], Defendant Scott-Boynton asks the Court to continue the May 9, 2023 trial date, asserting that the ends of justice served by granting the requested continuance outweigh the best interests of the public and Defendant in a speedy trial. Counsel for Defendant has been involved in an ongoing homicide trial in Michigan that began on April 4, 2023, which was still ongoing as of the date he filed the motion. Defendant submits that the Government has provided a proposed plea agreement that Defendant plans to accept, but due to counsel's conflict, Defendant has been unable to sign the plea agreement. Defendant further submits that failure to grant the requested continuance would deny counsel for Defendant and the Government the reasonable opportunity to finalize the plea agreement and resolve this matter before trial. According to Defendant, the Government has no objection to an adjournment.

Following the filing of Defendant Scott-Boynton's motion, Defendant Rogers filed a notice of joinder [Doc 65]. In his notice, Defendant informs the Court that counsel for Defendant Rogers has conflicts with the currently scheduled trial and final conference dates.

Based upon the information set forth in Defendants' filings and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Scott-Boynton needs additional time to meet with his client so that he may consider the proposed plea agreement and prepare for trial in the event plea negotiations do not come to fruition—a task that has been made more difficult by counsel's homicide trial. A continuance is also necessary to ensure continuity of counsel for Defendant Rogers given his attorney's current scheduling conflicts.

The Court therefore **GRANTS** the Motion to Adjourn Final Pre-Trial, Plea Deadline and Trial [**Doc. 64**] and the Notice of Joinder [**Doc. 65**]. The trial of this case is reset to **August 22, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the first motion on April 20, 2023, and the new trial date of August 22, 2023, is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) The Motion to Adjourn Final Pre-Trial Plea Deadline and Trial [**Doc. 64**] and the Notice of Joinder [**Doc. 65**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **August 22, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the first motion on **April 20, 2023**, and the new trial date of **August 22, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 2, 2023**;

(5) the deadline for filing motions *in limine* is **August 7, 2023**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **August 9, 2023 at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 11, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge