IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-96-TAV-JEM |
| BRIAN D. ROGERS and MALIK M. SCOTT-BOYNTON, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Rogers and Defendant Scott-Boynton's Joint Motion to Adjourn Plea-Cutoff, Final Pretrial Date, and Trial Date [Doc. 68], filed on July 28, 2023, and Defendant Rogers' Motion to Adjourn Plea-Cutoff, Final Pretrial Date, and Trial Date [Doc. 70], both of which the District Judge has referred to the undersigned for consideration and determination or report and recommendation, as appropriate [Doc. 71]. 28 U.S.C. § 636(b). The undersigned also has before her the United States' Response on Defendants' Motion to Continue [Doc. 73], and Defendant Scott-Boynton's Notice of Position on Continuance [Doc. 74].

In their joint motion [Doc. 68], Defendants Rogers and Scott-Boynton ask the Court to continue the June 2, 2023 plea deadline, August 9, 2023 final pretrial conference, and August 22, 2023 trial date. Defendants were indicted on one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin as well as one count of conspiracy to distribute and possess with intent to distribute four hundred grams or more of fentanyl. Counsel for both Defendants have been in numerous trials, have trials scheduled that conflict with the trial date in this case, and need additional time to engage in plea negotiations and prepare for trial. Both Defendants are detained, which they note makes visitation with counsel difficult. Defense counsel aver that this matter should likely be resolved prior to trial, but that additional time is needed to avoid any claim of

ineffective assistance of counsel. Defense counsel inform the Court that they were unable to obtain the Government's position as of the date the joint motion.

In his subsequent Motion to Adjourn Plea-Cutoff, Final Pretrial Date, and Trial Date [Doc. 70], Defendant Rogers requests a continuance of the plea deadline, final pretrial conference, and trial date for the same reasons stated in the joint motion to continue. Counsel for Defendant Rogers adds that Defendant is detained pending trial and understands that the period of time between the filing of the motion to continue and a rescheduled trial date shall be fully excluded for speedy trial purposes.

Upon receipt of Defendants' joint motion to continue [Doc. 68], Defendant Rogers' motion to continue [Doc. 70], and the District Judge's referral [Doc. 71], the undersigned ordered the remaining parties to file a position on the motions to continue [Doc. 72]. The Government responded [Doc. 73], stating that the Government joins in the motion to continue trial and all deadlines because the Assistant Unites States Attorney ("AUSA") that was previously assigned to this case has moved to a different United States Attorney's Office and a new AUSA has been assigned. The Government submits that a reasonable continuance would allow the parties the opportunity to engage in plea negotiations prior to trial. Defendant Scott-Boynton also subsequently filed a notice [Doc. 74], asking the Court to grant the previously filed joint motion to continue. Counsel for Defendant Scott-Boynton states that he met with Defendant on or about July 17, 2023, and informed him that a continuance would be requested at that time. Counsel relates that Defendant Scott-Boynton understood that the time between the filing of the request for a continuance and a new trial date would be fully excludable for speedy trial purposes.

Based upon the information in Defendants' motions to continue and Defendant Scott-Boynton's notice, and the Government's response, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See*

2

18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel have been involved in several trial matters and a new AUSA was recently assigned to this case. The parties need additional time to engage in plea negotiations and prepare for trial in the event such negotiations are not fruitful—tasks made more difficult by Defendants' pretrial detention. All of this cannot be done by the August 22, 2023 trial date.

The Court therefore **GRANTS** Defendant Rogers and Defendant Scott-Boynton's Joint Motion to Adjourn Plea-Cutoff, Final Pretrial Date, and Trial Date [**Doc. 68**] and Defendant Rogers's Motion to Adjourn Plea-Cutoff, Final Pretrial Date, and Trial Date [**Doc. 70**]. The trial of this case is reset to **January 16, 2024**. A new, comprehensive, trial schedule is included below. Because the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the first motion on July 28, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Rogers and Defendant Scott-Boynton's Joint Motion to Adjourn Plea-Cutoff, Final Pretrial Date, and Trial Date [**Doc. 68**], Defendant Rogers' Motion to Adjourn Plea-Cutoff, Final Pretrial Date, and Trial Date [**Doc. 70**], and Defendant Scott-Boynton's Notice of Position on Continuance [**Doc. 74**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **January 16, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **July 28, 2023**, and the new trial date of **January 16, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 15, 2023**;

(5) the deadline for filing motions *in limine* is **January 3, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 4, 2024, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 5, 2024**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge