IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:22-CR-96-TAV-JEM |
| BRIAN D. ROGERS, | ) | |
| MALIK M. SCOTT-BOYNTON, | ) | |
| RAYMOND M. WILLIAMS, | ) | |
| GERALD B. JACKSON, JR., and | ) | |
| DIMITRIA M. HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Raymond M. Williams's Motion to Continue Trial and Relevant Deadlines [Doc. 120], Defendant Gerald B. Jackson, Jr.'s motion to adopt [Doc. 121] and Defendant Dimitria M. Harris's motion to adopt [Doc. 122], all filed on July 12, 2024.

Defendant Williams asks the Court to continue the trial date, plea deadline, and motions deadline [Doc. 120]. In support of his motion, Defendant asserts that the Government has provided discovery and that his defense counsel is still in the process of reviewing the parts that he is able to access. Additionally, he notes that a codefendant has now been arrested out of state. Finally, he states that defense counsel requires additional time to engage in plea negotiations with the Government and advise Defendant. Defendant informs the Court that counsel for the Government does not oppose the requested continuances and that he understands his right to a speedy trial.

Defendant Jackson [Doc. 121] and Defendant Harris [Doc. 122] both filed motions requesting to adopt Codefendant Williams's motion to continue. Defendants assert that they agree with the

reasons stated in Codefendant Williams's motion and are similarly situated to him. Further, Defendants maintain that their defense counsel require additional time to continue plea negotiations with counsel for the Government.

On July 15, 2024, the Court ordered the remaining parties to file a position on Defendant Williams's motion to continue [Doc. 123].

Defendant Malik M. Scott-Boynton [Doc. 124] and Defendant Brian D. Rogers [Doc. 127] both filed notices indicating that they do not oppose Codefendant Williams's motion to continue.

Defense counsel for all Defendants confirmed with Chambers via email or in their respective filings that each Defendant understands their right to a speedy trial and agrees to the requested continuance.

Based upon the information in Defendant Williams's motion and the Codefendants' filings as well as because the Government and all Codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel for Defendants Williams, Jackson, and Harris need more time to time to review, discuss, and evaluate discovery, engage in plea negotiations, and otherwise prepare for trial. The Court finds that all of this cannot occur before the August 13, 2024 trial date.

The Court therefore **GRANTS** Raymond M. Williams's Motion to Continue Trial and Relevant Deadlines [**Doc. 120**],[1] and **GRANTS** Defendant Gerald B. Jackson, Jr.'s [**Doc. 121**] and Defendant Dimitria M. Harris's [**Doc. 122**] motions to adopt. The trial of this case is reset to **January 21, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the initial motion on July 12, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Raymond M. Williams's Motion to Continue Trial and Relevant Deadlines [**Doc. 120**] is **GRANTED**;

(2) Defendant Gerald B. Jackson, Jr.'s motion to adopt [**Doc. 121**] is **GRANTED**;

(3) Defendant Dimitria M. Harris's motion to adopt [**Doc. 122**] is **GRANTED**;

(4) the trial of this matter is reset to commence on **January 21, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(5) all time between the filing of the motion on **July 12, 2024**, and the new trial date of **January 21, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 20, 2024**;

(7) the deadline for filing motions *in limine* is **January 6, 2025**;

(8) the parties are to appear before the undersigned for a final pretrial conference on **January 7, 2025, at 10:00 a.m.**; and

---

[1] The deadline for filing pretrial motions in this case expired on January 19, 2024 [Doc. 110]. At this time, Defendant Williams has not set forth good cause for reopening the deadline.

3

(9) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 10, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge