IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-CR-96-TAV-JEM |
| ) | |
| BRIAN D. ROGERS, ) | |
| MALIK M. SCOTT-BOYNTON, ) | |
| RAYMOND M. WILLIAMS, ) | |
| HAROLD B. SCOTT, ) | |
| GERALD B. JACKSON, JR., and ) | |
| DIMITRIA M. HARRIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Raymond M. Williams's Motion to Continue Trial and Relevant Deadlines [Doc. 139], filed on December 19, 2024, and Defendant Dimitria M. Harris's Motion to Adopt [Doc. 142], filed on December 20, 2024.

Defendant Williams asks the Court to continue the trial date and relevant deadlines [Doc. 139]. In support of the motion, Defendant asserts that he needs additional time to review discovery, engage in plea negotiations, and prepare for trial [*Id.* at 1]. He understands his speedy trial rights [*Id.* at 2]. Defendant Williams represents that the Government does not oppose this request [*Id.*].

Defendant Harris asks to adopt Defendant Williams' Motion [Doc. 142]. She states that continuing the trial date and relevant deadlines would allow her counsel to engage in further plea

negotiations, or if those are unsuccessful, prepare for trial [*Id.* at 1]. She is aware of her right to a speedy trial [*Id.*].

On December 20, 2024, the Court ordered the remaining defendants to file positions on the matter of a continuance [Doc. 140]. Defendants Rogers, Scott-Boynton, and Scott filed notices that they do not object to a continuance and understand their rights to a speedy trial [Docs. 143–45]. Defendant Jackson, Jr. filed a notice that he does not object to a continuance [Doc. 141]. Defense counsel confirmed with Chambers via email that Defendant Jackson, Jr. understands his right to a speedy trial.

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants Williams and Harris the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Williams and Harris need additional time to review discovery, engage in plea negotiations, and if those negotiations are not fruitful, otherwise prepare for trial. The Court finds that this cannot occur before the January 21, 2025 trial date.

The Court therefore **GRANTS** Defendant Raymond M. Williams's Motion to Continue Trial and Relevant Deadlines [**Doc. 139**] and Defendant Dimitria M. Harris's Motion to Adopt [**Doc. 142**]. The trial of this case is reset to **April 1, 2025**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time

between the filing of the initial motion on December 19, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Raymond M. Williams's Motion to Continue Trial and Relevant Deadlines [**Doc. 139**] and Defendant Dimitria M. Harris's Motion to Adopt [**Doc. 142**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **April 1, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **December 19, 2024**, and the new trial date of **April 1, 2025** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 3, 2025**;

(5) the deadline for filing motions *in limine* is **March 17, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 18, 2025, at 2:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 21, 2025**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge