UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
               Plaintiff,           )
v.                                  )           No. 3:22-CR-96-TAV-JEM
                                    )
BRIAN D. ROGERS,                    )
MALIK M. SCOTT-BOYNTON,             )
RAYMOND WILLIAMS, and               )
HAROLD B. SCOTT,                    )
                                    )
               Defendants.          )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or recommendation as appropriate. This case is before the Court on the

Defendant Brian D. Rogers's Motion to Adjourn Plea-Cut-Off, Final Pretrial Date, and Trial Date

[Doc. 184], filed on October 22, 2025, and Codefendant Malik M. Scott-Boynton's Motion for

Joinder and Continuance of ECF 184 [Doc. 187], filed on October 24, 2025.

Defendant Rogers requests the Court to continue the plea deadline, set for October 20,

2025, and the trial date, set for November 18, 2025 [Doc. 184 ¶ 2]. In support of the motion,

Defendant states he has been charged in a Superseding Indictment with one count of conspiracy to

distribute and possess with intent to distribute one kilogram or more of heroin and one count of

conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl

[*Id.* ¶ 1]. Defendant's counsel has been in numerous trials within the last couple of months and

from out of state, making visitation difficult [*Id.* ¶ 3]. Defendant and his counsel respectfully

request additional time for plea negotiations and also preparation for trial if needed [*Id.*].

Additionally, Defendant's counsel has a conflict due to a capital case trial that starts on

November 17, 2025 [*Id.* ¶ 6]. Defendant requests a sixty-to-ninety-day continuance so he can have the necessary effectiveness of counsel [*Id.*]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 5]. Defendant understands that the period between the filing of the motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 7].

Codefendant Malik M. Scott-Boynton filed a notice of position on continuance and moved to join the continuance as filed [Doc. 187 p. 1]. Codefendant Scott-Boynton stated he was aware of his rights to a speedy trial and did not object to the trial date and relevant deadlines being extended [*Id.* ¶ 3]. Further, Codefendant Scott-Boynton submitted that he has executed a plea agreement and supplement and is waiting for it to be uploaded to PACER [*Id.* ¶ 4].[1]

Codefendant Raymond Williams filed a notice of no objection, stating that he had entered a guilty plea and did not object to the requested continuance [Doc. 190 p. 1].

The Court ordered Codefendant Harold B. Scott to either file a position on the requested continuance or show cause as to why he had not done so in response to the Court's previous order [Doc. 191]. Codefendant Scott filed a notice of no objection to the motion to continue, and he stated that he is similarly situated in that his counsel needs additional time to seek a resolution to this matter [Doc. 192 p. 1].[2] He stated that he is currently in custody and understands that the period of time between filing the motion for a continuance and the rescheduled court dates are fully excludable for speedy trial purposes [*Id.*].

---

[1]     The Government later filed a plea agreement and supplement [Docs. 188, 189].

[2]     The Government filed a plea agreement and supplement for Defendant Scott [Docs. 182, 183], but Defendant Scott has not yet entered a guilty plea.

Based upon the information in Defendant's motion and because the Government and codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to confer with the Government regarding a potential resolution, and otherwise prepare for trial if those discussions are not fruitful. The Court finds that all of this cannot occur before the November 18, 2025 trial date.

The Court therefore **GRANTS** Defendant Brian D. Rogers's Motion to Adjourn Plea-Cut-Off, Final Pretrial Date, and Trial Date [**Doc. 184**]. The trial of this case is reset to **April 28, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 22, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Brian D. Rogers's Motion to Adjourn Plea-Cut-Off, Final Pretrial Date, and Trial Date [**Doc. 184**] and Codefendant Malik M. Scott-Boynton's Notice of Position on Continuance or Joinder/Concurrence in ECF 184 [**Doc. 187**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **April 28, 2026, at 9:00 a.m.,** before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 22, 2025**, and the new trial date of **April 28, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 27, 2026**;

(5) the deadline for filing motions *in limine* is **April 13, 2026**, and responses to motions *in limine* are due on or before **April 21, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 14, 2026, at 11:30 a.m.,** and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 17, 2026.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge